UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA
upon the relation and for the use of the
TENNESSEE VALLEY AUTHORITY,
Plaintiff,

v.                                                    No. 1:13-CV-00099

AN EASEMENT AND RIGHT-OF-WAY
OVER 3.16 ACRES OF LAND, MORE
OR LESS, IN HICKMAN COUNTY,
TENNESSEE, and
TIMOTHY P. JOHNSTON,
EVELYN ANN CHANDLER, beneficiary,
WALLACE HARVILL, trustee,
Defendants.

## JUDGMENT AND ORDER DISBURSING FUNDS

This action came on to be considered, and it appears to the Court, as evidenced by the

signatures below, that the parties have agreed to resolve this action as hereinafter provided:

It is, therefore, Ordered and Adjudged that:

1. Defendant Timothy P. Johnston shall recover of the Plaintiff $8,500 as full

compensation for the taking of the easement and right-of-way herein condemned, which amount

has been deposited by Plaintiff with the registry of this Court in this action, the disbursement of

which is provided for in paragraph 3 below.

2. As shown by the Release of Deed of Trust, attached hereto, the mortgage lien

formerly held by Defendant Evelyn Ann Chandler (for which Defendant Wallace Harvill is

trustee) has been paid and satisfied in full and said Defendants have no interest in the

disbursement provided for in paragraph 3 below.

1

3. The Clerk of this Court is authorized and directed to (1) close out the interest-bearing account with Bank of America in Nashville, Tennessee, that was created pursuant to the Investment Order entered herein (Doc. 9), (2) deposit the sum received from the account into the registry of this Court, (3) draw a check on the funds on deposit in the registry of this Court in the principal amount of $8,500 (plus all interest earned on the account less the Clerk's registry fee) payable to Timothy P. Johnston, and (4) mail said check to Timothy P. Johnston, 1015 Lower Shipps Bend Road, Centerville, Tennessee 37033.

4. The vesting of title in the United States of America, free of all liens, claims, and encumbrances, as evidenced by the Declaration of Taking filed herein on August 30, 2013 (Doc. 2), is hereby fully and finally confirmed with respect to the easement rights described below, said descriptions being the same as in Attachment 1 to the Declaration of Taking filed herein (Doc. 2):

> A permanent easement and right-of-way, consisting of the perpetual right to enter and to erect, maintain, repair, rebuild, operate, and patrol lines of transmission line structures with sufficient wires and cables for electric power circuits and communication circuits, and all necessary appurtenances, in, on, over, and across said right-of-way, together with the right to clear said right-of-way and keep the same clear of all trees, brush, buildings, signboards, billboards, and fire hazards, to destroy or otherwise dispose of such trees and brush, and to remove, destroy, or otherwise dispose of any trees located beyond the limits of said right-of-way which in falling could come within five feet of any transmission line structure or conductor located thereon, the Tennessee Valley Authority to remain liable for any direct physical damage to the land, annual crops, fences, and roads resulting directly from the operations of the construction and maintenance forces of the Tennessee Valley Authority in and about the erection and maintenance thereof, all upon, under, over, and across the following-described land:

> TRACT NO. DVICL-4

> A parcel of land located in the First Civil District of Hickman County, State of Tennessee, as shown on a map entitled "Davidson-Iron City Transmission Line," drawing LW-9002, sheet P18A, R.1, the portion of said map which shows said parcel of land being attached to the Declaration of Taking filed herein, the said parcel being more particularly described as follows:

2

Beginning at a point which is a common corner in the lands of Timothy Johnston, State of Tennessee (Duck River), and Carl Brooks Gardner, et ux., the said point being at the top of bank of the said river and being 36.34 feet left of the centerline of the transmission line location at survey station 28+75.46; thence leaving the said common corner and the top of bank of the said river and with the property line between Timothy Johnston and Carl Brooks Gardner, et ux., N. 68° 58' 34" W., 16.57 feet to a point on the west right- of-way line of the location, the said point being 50 feet left of the centerline of the location at survey station 28+84.84; thence leaving the said property line and with the said west right-of-way line of the location N. 13° 27' 51" W., 219.10 feet to a point diametrically opposite an angle point in the centerline of the location at survey station 30+89.21; thence with the northwest right-of-way line of the location N. 19° 21' 56" E., 460.42 feet to a point diametrically opposite an angle point in the centerline of the location at survey station 35+80.41; thence with the southwest right-of-way line of the location N. 65° 15' 00" W., 1,013.43 feet to a point on the property line between Timothy Johnston and Thomas Melvin Mays, et ux.; thence leaving the said southwest right-of-way line of the location and with the said property line N. 26° 11' 23" E., 47.07 feet to a point, the said point being a 3/8-inch rebar with no cap which is a common corner in the lands of Timothy Johnston, Thomas Melvin Mays, et ux., and Carl B. Gardner, et ux., formerly Charles Aydelott, et al., the said point also being 2.95 feet left of the centerline of the location at survey station 46+38.17; thence leaving the said common corner and the said property line and with the property line between Timothy Johnston and Carl B. Gardner, et ux., formerly Charles Aydelott, et al., S. 67° 30' 06" E., 1,030.19 feet, crossing the centerline of the location at survey station 45+63.3 (74.98 feet), to a point on the northeast right-of-way line of the location, the said point being 37.53 feet right of the centerline of the location at survey station 36+08.78; thence leaving the said property line and with the said northeast right-of-way line of the location S. 65° 15' 03" E., 75.05 feet to a point diametrically opposite an angle point in the centerline of the location at survey station 35+80.41; thence with the southeast right-of-way line of the location S. 19° 21' 56" W., 509.46 feet to a point diametrically opposite an angle point in the centerline of the location at survey station 30+89.21; thence with the east right-of-way line of the location S. 13° 27' 51" E., 107.93 feet to a point on the property line between Timothy Johnston and State of Tennessee (Duck River), the said point being at the top of bank of the said river and being 50 feet right of the centerline of the location at survey station 29+66.56; thence leaving the said east right-of-way line of the location and with the meanders of the top of bank of the said river and the said property line in a southwesterly direction 125.51 feet, crossing the centerline of the location at survey station 29+13.8 (72.68 feet), to the Point of Beginning and containing 3.16 acres, more or less.

Furthermore, the permanent easement rights include the perpetual right to install, maintain, and replace guy wires and necessary appurtenances outside the right-of-way for the transmission line structures located at survey stations 30+89.21 and 35+80.41.

3

Furthermore, the above-described easement rights are acquired with respect to such appurtenant right, title, and interest as the owner of the above-described land may have in Tract DVICL-3, State of Tennessee (Duck River), the adjoining river shown on the map referenced above.

5. The Clerk of this Court shall furnish to Plaintiff a certified copy of this Judgment which shall serve as a muniment of title.

It is so ORDERED.

_____
United States District Judge

11~7~13

4